480 P.2d 1

**STATE of Arizona, Appellee,**

v.

**Albert Joe KABINTO, a Navajo Indian, Appellant.**

No. 1925.

Supreme Court of Arizona.

In Banc.

Jan. 27, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Michael J. Bush, Phoenix, for appellant.

LOCKWOOD, Justice:

Appellant was convicted below of second degree murder and sentenced to a term of imprisonment of not less than fifteen nor more than eighteen years. He appeals from that conviction.

On September 9, 1967, one James Silversmith, a Navajo Indian, was severely beaten. He subsequently died. Eyewitnesses identified the appellant as one of those who was involved in the beating, which took place on a street in Winslow, Arizona, at about noon.

Appellant took the stand in his own defense. He admitted that he did hit someone, but claimed it was not the victim. He also denied kicking the victim. He bases his defense primarily on the assertion that he was too drunk to form a malicious intent. He introduced evidence, uncontroverted, that he had been on a three-day drinking binge. In addition, the prosecution's evi-

dence showed that the appellant had been drinking. The appellant also testified that one Alex Grayhair told him that the victim stole his horses. However, Alex Grayhair denied that he said any such thing.

On this appeal, appellant was represented by court-appointed counsel, who filed what is termed an "Anders brief."[1] See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellant raises three questions:

"1. Is a defendant who is a Navajo Indian denied equal protection of the laws if tried by a jury selected from a panel on which no Navajo Indians served?

"2. Does a report of stolen chattel constitute sufficient provocation to negative the malice required for a conviction of second degree murder?

"3. Is a defendant who is a Navajo Indian denied due process by the trial court's refusal to permit him an interpreter?

■ Appellant's first contention is without merit. There was no evidence to show that Navajos are systematically excluded from jury panels. There was a Hopi Indian on the jury panel, although he was not selected as a juror. There was no evidence to show that Navajo Indians should, for equal protection purposes, be considered in a separate class from Hopi Indians. We note that the record shows that the jurors were specifically asked if they had any prejudice against (or for) Navajos. The record shows that the court and both attorneys were very careful to ascertain that the jurors would be fair and not con-

sider the race of the defendant to be a factor in determining guilt or innocence. There is nothing in the record to support appellant's contention. Neither has he made a showing that to make an objection to the jury selection would have further inflamed the jury. See Whitus v. Balkcom, 333 F.2d 496 (5th Cir. 1964), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964).

■ Appellant next urges that he should have been granted an instruction on manslaughter. We agree. A.R.S. § 13–455 defines manslaughter as "the unlawful killing of a human being without malice."

■ The evidence introduced by appellant tends to show that he was extremely intoxicated. He had been on a drinking binge for three days. The prosecution evidence supports at least some evidence of drunkenness. Since credibility of the witnesses is a factor for consideration by the jury, the jury had a right to consider the defendant's story. By denying the defendant the instruction on manslaughter, the jury was deprived of the opportunity to determine whether he was too drunk to have the necessary intent of malice, a necessary element of murder in the second degree. The trial court did properly instruct on drunkenness, but left only the alternatives of guilt or innocence.

In State v. Saunders, 102 Ariz. 565, 435 P.2d 39 (1967), we held it was error not to instruct on manslaughter, where the defendant's evidence was that he was in such a state of intoxication that he could not form an intent or was incapable of harboring malice aforethought. Saunders quotes with approval from State v. Hudson, 85 Ariz. 77, 331 P.2d 1092 (1958) in which this Court stated:

> In the latter event, he may submit a brief referring to anything that might arguably support the appeal, and the court, not counsel, determines whether the case is wholly frivolous.

1. The purpose of filing an Anders brief is to provide an indigent appellant with an advocate, who will "support his client's appeal to the best of his ability, unless he finds the case to be wholly frivolous."

**577**

"It is a well-settled general rule that voluntary drunkenness at the time a crime is committed is no defense, [citation] and while mere drunkenness does not excuse an offense it may produce a state of mind in the accused which incapacitates him from forming or entertaining a malicious intent or that 'malice aforethought' which is an essential element of murder in the second degree. *Such voluntary intoxication or drunkenness is to be taken into consideration in determining the existence or nonexistence of malice aforethought, which distinguishes murder from manslaughter.*

\*   \*   \*   \*   \*   \*

"The defendant was deprived of the important right, which the law accorded him, to have the jury pass on the truthfulness of his story, and *if they believed that he was intoxicated to any extent to say whether such intoxication prevented him from entertaining the malice necessary to constitute murder in the second degree, and, if so, would reduce the offense to manslaughter.* (Emphasis added.)" 102 Ariz. at 568, 435 P.2d at 42.

 Defense counsel suggests the evidence shows that the beating of the deceased took place on a sudden quarrel or in the heat of passion, upon considerable provocation, further justifying the manslaughter instruction. Malice could still be shown under such circumstances where there is no considerable provocation. Moore v. State, 65 Ariz. 70, 174 P.2d 282 (1946). The evidence here demonstrates no such provocation.

Appellant next contends that the trial court erred in refusing to grant him an interpreter for the cross-examination by the prosecuting attorney. From an examination of the record, it appears that the appellant was able to understand English and answer the questions put to him. There were two interpreters in the courtroom whose services could have been used had the trial court felt their need. If the appellant had difficulty with a question the

court required the questions to be rephrased. We feel that there was no error in the refusal of an interpreter. Viliborghi v. State, 45 Ariz. 275, 43 P.2d 210 (1935); Escobar v. State, 30 Ariz. 159, 245 P. 356 (1926).

Judgment reversed and remanded for a new trial.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.