STATE OF HAWAII, Plaintiff-Appellant, *v.* ELIZABETH ELLEN WILSON and EDWARD WILSON, Defendants-Appellees

NO. 5516

FEBRUARY 14, 1974

RICHARDSON, C.J., LEVINSON, KOBAYASHI
and OGATA, JJ., and CIRCUIT JUDGE
FUKUSHIMA ASSIGNED TEMPORARILY
BY REASON OF VACANCY

*Per Curiam*. This is an appeal, pursuant to Rule 43 of the District Court Rules of Penal Procedure, from the ruling of the district court that it had jurisdiction to entertain motions to suppress evidence at a preliminary hearing of a felony.

## ISSUE

Whether the district court has authority to suppress or exclude unconstitutionally obtained evidence in a preliminary hearing on a felony charge.

## FACTS

The appellees were charged, pursuant to an Information, in the district court of the third circuit, North and South Kona Division, with violation of Section 712-1247 (1) (e), Hawaii Revised Statutes, as amended, for the felony offense of promotion of a detrimental drug in the first degree.

A preliminary hearing was held on June 8, 1973, where the State (appellant) called its only witness, a police sergeant, who testified regarding the execution of the search warrant upon the appellees' residence.

At the conclusion of appellant's evidence, the appellees moved to suppress the evidence presented and to dismiss the charges. The court took the matter under advisement and subsequently granted the motion and dismissal, ruling that it had jurisdiction to entertain a motion to suppress and to dismiss the case under authority of Rule 46(e) of the District Court Rules of Penal Procedure, on the ground that the search was conducted under an illegal "blanket" warrant.

## POWER OF THE DISTRICT COURT UNDER RULE 46(e) OF THE DISTRICT COURT RULES OF PENAL PROCEDURE

We are of the opinion the district court did not have

jurisdiction to entertain or rule upon a motion to suppress the evidence in the instant case under Rule 46(e).

Rule 46(e) of the District Court Rules of Penal Procedure states in pertinent part:

> MOTION FOR RETURN OF PROPERTY AND TO SUPPRESS EVIDENCE. A person aggrieved by an unlawful search and seizure *may move the court having jurisdiction to try the offense* for the return of the property, or to suppress for use as evidence anything so obtained, or both, on the ground that . . . .

Section 604-8, Hawaii Revised Statutes, provides in pertinent part:

> District courts shall have jurisdiction of, and their criminal jurisdiction is limited to, criminal offenses punishable by fine, or by imprisonment not exceeding one year whether with or without fine. They shall not have jurisdiction over any offense for which the accused cannot be held to answer unless on a presentment or indictment of a grand jury.

The crime the appellees were charged with is a felony[1] which provides for a maximum five-year[2] term of imprisonment and thus is not *triable* in the district court. Thus, the district court does not have jurisdiction to rule on a motion to suppress evidence.

### POWER OF THE DISTRICT COURT UNDER RULE 5(d) (2) OF THE HAWAII RULES OF CRIMINAL PROCEDURE

We cannot say, however, that the exclusion of the evidence was erroneous. Although the district court is expressly limited by Rule 46(e) in its jurisdiction over motions to suppress, the district court is empowered under Rule 5(d) (2), Hawaii Rules of Criminal Procedure[3] to conduct a prelimi-

---

[1] HRS § 712-1247 (2).

[2] HRS § 706-660.

[3] Rule 5(d) (2), Hawaii Rules of Criminal Procedure provides:

(2) Preliminary Examination. A defendant charged with the commission of a felony shall not be called upon to plead. If the defendant waives preliminary examination, the magistrate shall forthwith hold him to answer in the circuit

nary hearing, to hear evidence, and to discharge a defendant should probable cause not appear from the evidence adduced.

We are of the opinion that in a proceeding under Rule 5(d)(2), the district court, a court of record, must adhere to the general rules of evidence which include objections to the admissibility of unconstitutionally seized evidence. Thus, the district court was correct in the end result of excluding the unconstitutionally seized evidence although founded in technically inaccurate authority. To hold otherwise would allow the finding of probable cause that a felony had been committed upon illegally obtained evidence, a practice which violates the sanctions of the exclusionary rule. The district judge was bound by oath of office to uphold the Constitutions of the United States and the State of Hawaii. In our opinion the exclusionary rule is a sanction essential to upholding federal and state constitutional safeguards against unreasonable searches and seizures. *See State v. Pokini,* 45 Haw. 295, 308-309, 367 P.2d 499, 506 (1961). Therefore, notwithstanding the label attached to the motion in question, we shall treat it as a motion to strike and affirm the judgment of the court below.[4]

---

court. If the defendant does not waive examination, the magistrate shall hear the evidence within a reasonable time. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. If from the evidence it appears to the magistrate that there is probable cause to believe that a felony has been committed and that the defendant has committed it, the magistrate shall forthwith hold him to answer in the circuit court; otherwise the magistrate shall discharge him. The magistrate shall admit the defendant to bail as provided in these rules. If the defendant is held to answer in the circuit court, the magistrate shall forthwith issue a mittimus for such purpose and shall transmit to the clerk of the circuit court all papers in the proceeding and any bail taken by him. [Magistrate is now entitled district judge under Act 188, section 39, of the Session Laws of Hawaii 1970, effective January 1, 1972.]

[4] The motion to suppress is essentially the same as a motion to strike when dealing with the admissibility of evidence. *See* Riddle v. State, Ind. , , 275 N.E.2d 788, 790 (1971), where the Supreme Court of Indiana stated: "The admissibility of evidence secured under a search warrant can be challenged either before trial in a pre-trial motion to suppress, or at trial by timely objection or motion to strike."

318

It is not our intention to hold, however, that the district court has the authority to entertain motions at a pre-hearing prior to the preliminary hearing. The expeditious nature of a preliminary hearing and economy of district court time, demand that objections to the admissibility of evidence be raised at the preliminary hearing by an appropriate objection or motion to strike.[5]

Affirmed.

*Christopher J. Roehrig,* Deputy Prosecuting Attorney, County of Hawaii (*Paul M. De Silva,* Prosecuting Attorney, County of Hawaii, of counsel), for plaintiff-appellant.

*Steven K. Christensen (Christensen* and *Clark* of counsel) for defendants-appellees.

DISSENTING OPINION OF OGATA, J.

I agree with the majority that the District Court clearly has no jurisdiction to entertain an accused's motion to suppress under Rule 46(e) of the District Court Rules of Penal Procedure, unless, of course, the District Court also has jurisdiction to try the offense with which accused is charged. However, I disagree with the majority's holding that the District Court does, nevertheless, possess power to entertain, and grant, a motion to strike, notwithstanding that very explicit language in Rule 46(e). Until such time as the District Court Rules of Penal Procedure and Rules 5(d)(2) and 41(e) of the Hawaii Rules of Criminal Procedure (hereinafter H.R.Cr.P.) may be changed by promulgation of new rules by this Court pursuant to HRS § 602-21, I would hold that a District Court has no jurisdiction to entertain or grant a motion to strike, intended to be used in lieu of a motion to suppress, made at a preliminary hearing by the accused who is to be tried in the Circuit Court.

---

[5] The State argues that it may be forced to take a direct appeal to this court from an exclusionary order of the district court, or otherwise be bound by the decision of the district court by the doctrine of res judicata. We note, however, that a preliminary hearing in the district court is only the initial stage of criminal proceedings. Accordingly, the circuit court has jurisdiction after indictment to consider the issue of admissibility of evidence and is not bound by the decision of the district court.

Rule 5(d) (2), H.R.Cr.P., which is relied upon so heavily by the majority, is not dispositive of the issue before us. The crucial portion of the Rule is:

". . . . If from *the evidence* it appears to the magistrate that there is probable cause to believe that a felony has been committed and that the defendant has committed it, the magistrate shall forthwith hold him to answer in the circuit court; otherwise the magistrate shall discharge him. . . ." (Emphasis added.)

With regard to the interpretation of this crucial portion of Rule 5(d) (2), the majority opinion contains the following *ipse dixit* explaining the phrase "the evidence":

"We are of the opinion that in a proceeding under Rule 5(d) (2), the district court, a court of record, must adhere to the general rules of evidence which include objections to the admissibility of unconstitutionally seized evidence."

The majority's interpretation of Rule 5(d) (2), H.R.Cr.P., is not supported either in logic or by adequate citations to authority, and in my opinion such an interpretation cannot be so supported.

The exclusionary rule, which requires that no evidence seized in violation of the Fourth Amendment of the U.S. Constitution be admitted *in a criminal proceeding* against an accused for a criminal offense, was first explicated in the landmark decision of *Weeks v. United States*, 232 U.S. 383 (1914). In *Weeks*, the exclusionary rule was made mandatory in federal criminal proceedings; because of Hawaii's status as a territory the rule always applied here, and an opportunity to develop a variant on the rule or to reject its applicability entirely, a practice prevalent in a number of states and sanctioned by *Wolf v. Colorado*, 338 U.S. 25 (1949), was never a reality for Hawaii. *See, State v. Pokini*, 45 Haw. 295, 308-09, 367 P.2d 499, 506 (1961). *Mapp v. Ohio*, 367 U.S. 643 (1961), made the exclusionary rule mandatory in state criminal proceedings. *Linkletter v. Walker*, 381 U.S. 618 (1965), declined the opportunity presented to make the rule retrospective from the date of the *Mapp* decision.

The implication of the majority's decision is that *Mapp v. Ohio, supra,* controls the issue involved herein. It does not. The preliminary hearing involves no adjudication of guilt or innocence; it is simply an inquiry which involves only a determination of "probable casue", Rule 5(d)(2), H.R.Cr.P., and is no more a criminal proceeding within the meaning of *Mapp* or *Weeks* than is any other determination of "probable cause", *e.g.,* such as that made by a police officer in the course of his duties. Since the *Mapp* and *Weeks* cases are not dispositive of the issue here, they are persuasive only, and only so persuasive as the soundness of any analogy between the situation involved therein, and that involved herein. In other words, the operative force of the logic of the decisions must be evaluated by careful study of the evil to be remedied by the promulgation of the exclusionary rule.

The nature of the holdings in *Weeks* and *Mapp* is revealed in *Linkletter, supra,* where the Supreme Court directly implied that the exclusionary rule did not and could not make whole the damage from the unconstitutional breach of the victims' Fourth Amendment rights because the exclusionary rule was to be applied, and was applicable, far too late. *Linkletter v. Walker, supra,* at 637. Even though Rule 41(e) of the Federal Rules of Criminal Procedure (hereinafter F.R.Cr.P.) and Rule 41(e), H.R.Cr.P., strongly encourage (and, to a large extent, require) an early adjudication of the constitutional question of whether evidence was unconstitutionally seized, even the granting of a motion to suppress under 41(e) occurs far too late to be serviceable as a protective device assuring the privacy of the particular individual whose rights have been infringed by improper police conduct.

The implications of *Linkletter* have become clear and unambiguous language in *United States v. Calandra,* 42 U.S.L.W. 4104 (U.S., January 8, 1974). In *Calandra,* the Court emphasized that the exclusionary rule is overwhelmingly concerned *not* with a vain attempt to redress the particular wrong done to the victim of the unconstitutional search, but rather with the deterrence of future unlawful police conduct. 42 U.S.L.W. at 4106-07. Thus, focusing on the reason for the rule, and remembering that the rule can

extend no further than the reason for its existence, the U.S. Supreme Court held in *Calandra*, that, in the particular context therein, it was reversible error to grant the defendant's suppression motion. Even had the evidence sought to be suppressed been seized unconstitutionally, it was nonetheless admissible in the deliberations of the grand jury. The exclusionary rule did not apply.

The Supreme Court explained the basic framework of the analysis involved in the *Calandra* case as follows:

"Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally-seized evidence in all proceedings or against all persons. As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served." *U.S. v. Calandra, supra,* at 4107.

Remembering that the remedial objective of the rule is the creation of incentive to keep police conduct within constitutional bounds, *Linkletter, supra,* at 636-37, *Calandra, supra,* at 4106-07, the question posed by the case at bar is whether the grant of power to the District Court to suppress evidence in cases where the District Court will not try the offense is a necessary grant of power to effectuate the exclusionary rule's remedial objective. The answer is clearly that such grant of power is not necessary for that purpose, and Rule 41(e), H.R. Cr.P., and Rule 46(e) of the District Court Rules of Penal Procedure so provide.

An accused has the right to an adjudication of the constitutionality of the search and seizure that resulted in the possession by the State of the evidence that the accused seeks to have suppressed. Rule 41(e), H.R.Cr.P., provides this opportunity to the accused. To grant a *concurrent* power to the District Court is not necessary. The deterrence of unconstitutional police conduct is equally well accomplished when the evidence is suppressed by the trial court. So long as a conviction is rendered, or may likely be rendered, more difficult or even impossible, due to the suppression, the time at which the suppression occurs is not a substantial or importantly determinative factor in police conduct. It would seem

to me that Rule 41(e), H.R.Cr.P., and Rule 46(e) of the District Court Rules of Penal Procedure are simply designed to promote normal procedural orderliness.

Other viewpoints are considered, *infra*, but the result is the same.

*The accused's point of view.* Early suppression by the District Court in its preliminary hearing to determine probable cause would apparently not seem to be required to protect any Fourth Amendment constitutional rights that accused could personally assert. *Giordenello v. United States*, 357 U.S. 480 (1958); *United States v. Calandra, supra*. An indictment by a grand jury on the same evidence could still occur, since lower standards prevail for admissibility of evidence before a grand jury. *United States v. Blue*, 384 U.S. 251 (1966); *United States v. Lawn*, 355 U.S. 339 (1958); *United States v. Calandra, supra*. The majority opinion would thus illogically permit preliminary hearing standards for admissibility of evidence to rise higher than grand jury standards, even though indictment by a grand jury occurs later and is the more seriously detrimental state action against the accused.

*The administrative point of view.* When the issue herein is considered with the basic assumption that maximization of administrative efficiency is an important consideration, absent resultant harm to an accused's constitutional rights, we ought to interpret procedural rules to minimize, *not* maximize, the number of pre-trial motions. Whether or not they masquerade as "motions to strike", if suppression motions, although not termed motions to suppress, can be made and granted in District Court and in Circuit Court under Rule 41(e), H.R.Cr.P., a situation is created in which motions proliferate and conflicting rulings thereon in the same case become more likely. This chaotic state of affairs will be undesirable as a further clog in our already congested court calendars.

*The likely consequences of today's ruling.* The implications of today's decision are as unacceptable as the holding itself. The result of the majority's ruling will be to convert a preliminary hearing into a suppression hearing, for while a motion to suppress will not be allowed in a preliminary hear-

ing, a motion to strike will be. This is a distinction without a substantial difference as far as the State is concerned.

The new grant of power to the District Courts that is effectuated by the majority opinion may very well have the consequence that, whenever possible, the prosecution may seek to avoid any preliminary hearing. The pressures in this direction will be irresistible once a sufficient number of accuseds disappear following erroneous grants of suppression through motions to strike. Two serious consequences flow from a policy of avoiding preliminary hearings. (a) The accused will lose: (1) both an opportunity for some early discovery of the nature of the case against him and also (2) the occasion to create and preserve evidence for later use, *e.g.*, as impeachment. *See, Coleman v. Burnett,* 477 F.2d 1187, 1198-1200 (D.C. Cir. 1973); *State v. Faafiti,* 54 Haw. 637, 641, 513 P.2d 697, 701, fn. 4 (1973). Whether or not the express purposes of the preliminary hearing include its usage as a discovery and preservation device for an accused, the preliminary hearing can and does function in this capacity. 8 *Moore's Federal Practice — Cipes, Criminal Rules,* § 5.1.02 [2]. (b) More obviously, the accused loses, through his loss of the ability to have preliminary hearing prior to grand jury proceeding, the opportunity to have a determination made as to "probable cause" as soon as possible. Such a result should not be countenanced.

*The federal system.* A look at the workings of the federal criminal process only serves to bolster the view that a Hawaii District Court judge has no authority to entertain motions to strike unconstitutionally seized evidence when the accused will not come to trial in District Court. The Federal Rules of Criminal Procedure, which govern the federal criminal process, are in almost all respects at least similar, and often identical, to the Hawaii Rules of Criminal Procedure. In 1972, to clarify the former Rule 5(c), "Rule 5.1. Preliminary Examination" was added to the Federal Rules of Criminal Procedure. Rule 5.1, F.R.Cr.P., provides in pertinent part:

Rule 5.1. Preliminary examination

(a) PROBABLE CAUSE FINDING. If from *the evidence* it appears that there is probable cause to believe that an

offense has been committed and that the defendant committed it, the federal magistrate shall forthwith hold him to answer in district court. The finding of probable cause may be based upon hearsay evidence in whole or in part. The defendant may cross-examine witnesses against him and may introduce evidence in his own behalf. *Objections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court* as provided in Rule 12.

(b) DISCHARGE OF DEFENDANT. If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the federal magistrate shall dismiss the complaint and discharge the defendant. The discharge of the defendant shall not preclude the government from instituting a subsequent prosecution for the same offense. . . . (Emphasis added.)

Except for differences in style, and the substitution of "magistrate" in the Hawaii rule (meaning now "District Court Judge" following enactment of the current ch. 604 of HRS by S.L.H. 1970, Act 188) for "federal magistrate", in the federal rule, and "felony" in the Hawaii rules (devised for our two-tier trial court system) for "offense" in the Federal Rules (for its one-tier trial court system), Rule 5.1, F.R.Cr.P., is identical to Rule 5(d)(2), H.R.Cr.P., except that the federal rule expalins and clarifies what should and should not occur at the "preliminary hearing." It is clear that "evidence" in the federal system's preliminary hearing is not to be excluded because unconstitutional, unlawful means were used to obtain it. Rule 5.1(a), F.R.Cr.P.

Rule 5.1(a), F.R.Cr.P., is neither aberration nor experiment, but is codification of a long prevailing practice, since even prior to 1972, and even under the former language of Rule 5(c), F.R.Cr.P., from which Rule 5(d) (2), H.R.Cr.P., was derived, the United States Supreme Court in 1958 held that the commissioner had no authority in a preliminary examination to determine the admissibility of illegally seized evidence and that the proper procedure was to put that issue

before the Federal District Court by a motion to suppress under Rule 41(e), F.R.Cr.P., *Committee Note to Rule 5.1, F.R.Cr.P.; Giordenello v. United States, supra,* at 484; *cf. United States v. Klapholz,* 230 F.2d 494 (2nd Cir. 1956), *cert. den.* 351 U.S. 924 (1956). *See also, Costello v. United States,* 350 U.S. 359, 363-64 (1956) *(dicta); United States v. Blue,* 384 U.S. 251, 255 (1966) *(dicta).*

*The law of evidence.* Finally, the majority misunderstands the nature of a "motion to strike" evidence. A "motion to strike" is not, as stated in fn. 4 of the majority opinion, "essentially the same" as a "motion to suppress." *Riddle v. State,* Ind. , 275 N.E.2d 788 (1971) is no authority for that proposition. The issue dealt with in the quoted portion of that opinion is not the issue posed in the case at bar. In *Riddle,* the Indiana court merely commented that unconstitutionally obtained evidence should be excluded, either before or during *trial.* Certainly this is the law in Hawaii, and Rule 41(e), H.R.Cr.P., governs the point. Since *Riddle* was not concerned with the preliminary hearing, it is unreasonable to read *Riddle* as establishing a total congruence between the law involving motions to suppress and the law involving motions to strike.

It is true that current trends in the law are blurring the distinctions between, and definitions of, certain key phrases used in dealing with problems involving admission by promulgating as a part thereof, and pursuant to HRS § 602-21, Rule 5.1(a) F. R. Cr. P., as a new part to H.R.Cr.P. and/or the District Court Rules of Penal Procedure.[2]

---

[2] The course of adopting the procedures of the federal criminal prosecution system has already been followed in this respect in Arizona. 17 A.R.S. [1973 Arizona] Rules of Criminal Procedure, rule 5.3, *Nature of the preliminary hearing:*

*b. Inapplicability of Suppression Motions.* Rules or objections calling for the exclusion of evidence on the ground that it was obtained unlawfully shall be inapplicable in preliminary hearings.

The adoption of this rule in effect reverses *State v. Jacobson,* 106 Ariz. 129, 471 P.2d 1021 (1970).