**STATE OF HAWAII**, Plaintiff–Appellee, v. **JOHN KALANI LINCOLN**, Defendant–Appellant

NO. 13771

(CR. NO. 5720(1))

MARCH 8, 1990

LUM, C.J., HAYASHI, AND WAKATSUKI, JJ.,
AND RETIRED JUSTICE NAKAMURA,
ASSIGNED BY REASON OF VACANCY, AND
INTERMEDIATE COURT OF APPEALS
ASSOCIATE JUDGE HEEN, IN PLACE OF
PADGETT, J., RECUSED

## OPINION OF THE COURT BY LUM, C.J.

This appeal stems from a retrial of Appellant John Kalani Lincoln ordered by the Federal District Court. Lincoln appeals from his new conviction of murder in violation of Hawaii Revised Statutes (HRS) §§ 707–701, 702–221, and 702–222.

Lincoln alleges numerous points of error in his appeal. We need to address only one, which is whether the trial court committed reversible error when it admitted into evidence the former testimony given in Lincoln's first trial by the trigger man in the shooting, Anthony Kekona, Jr., after the trial court found that Kekona was unavailable as a witness under Hawaii Rules of Evidence (HRE) 804 when Kekona refused to testify. Because we find that Kekona's former testimony lacked the necessary indicia of reliability and because Lincoln's rights under the Confrontation Clause of the Hawaii Constitution have been violated, we reverse.

### I.

On May 4, 1978, Anthony Kekona, Jr. and Patrick Hawkins went to the Kaleialoha Condominium in Honokowai, Maui, where Kekona shot and killed Paul Warford and David Blue and shot Harriet Savage in the head wounding her severely. Hawkins, who had provided the gun Kekona used, was arrested almost immediately. Kekona was arrested several days later on Oahu.

Kekona pled guilty on two counts of murder and one count of attempted murder for which he was sentenced, respectively, to life imprisonment with possibility of parole and 20 years in prison. Hawkins pled guilty to three counts of attempted robbery for which he received five years probation.

The day after his sentencing in July 1979, Kekona told his uncle, Robert Cordero, a Maui police detective, that he had been hired by John Kalani Lincoln to kill Warford, Blue and Savage.

## II.

### A.

Thereafter Lincoln was indicted by the Grand Jury on two counts of "murder for hire" and one count of attempted murder. Both Hawkins and Kekona testified on behalf of the State against Lincoln. These testimonies were read to the jury in Lincoln's retrial and are the subject of this appeal.

On April 12, 1980, a jury found Lincoln guilty of the two murders and attempted murder. The jury did not find Lincoln guilty of "murder for hire." He was sentenced to life with parole and twenty years in prison respectively.

In late 1982, Anthony Kekona, in a sworn affidavit which stated that Lincoln had no connection with the shootings and that Kekona's only connection with Lincoln involved marijuana transactions, recanted his testimony given at Lincoln's trial. When a hearing was held on this recantation, Kekona recanted his recantation and claimed he only wanted a free trip back to Hawaii from prison on the mainland to see his family.

After the 1987 reversal of Lincoln's conviction by the Federal District Court, the State decided to retry Lincoln.

### B.

Eventually, a new jury trial was held commencing January 17, 1989. Kekona refused to testify for the State. Kekona demanded new concessions from the State for further testimony and also claimed his privilege against self–incrimination after not being offered immunity. Hawkins was unavailable to testify for the State since his probation had expired and he had moved to the mainland. The State did try to produce Hawkins through the Uniform Act to Secure Attendance of Witness from Without the State in Criminal Proceedings.

The former testimony of Kekona was read to the jury. The jury was advised of his retraction and his retraction of his retraction. The court allowed the former testimony under HRE 804(a)(2).[1] Likewise, the court allowed the former testimony of Hawkins under HRE 804(a)(5) but in this appeal we need not address that aspect of the court's ruling. Lincoln objected very strenuously to the admission of the former testimony of Kekona, citing the fact that Kekona's behavior in the intervening years had been such as to cast serious doubts on the reliability of his former testimony. Lincoln argues that Kekona's action subsequent to his prior testimony rendered the prior cross–examination of him inadequate to support the admission of the prior testimony, and Lincoln was deprived of his right of confrontation. We agree.

## III.

We have previously held that the erroneous admission of evidence may constitute plain error if a fair trial was thereby impaired or if that evidence resulted in substantial prejudice to the Defendant. *State v. Cummings*, 49 Haw. 522, 528, 423 P.2d 438, 442 (1967). We must also determine whether the admission of such

---

[1]Rule 804(a) states in pertinent part:

**Rule 804  Hearsay exceptions; declarant unavailable.** (a) Definition of unavailability. "Unavailability as a witness" includes situations in which the declarant:

(1)  Is exempted by ruling of the court on ground of privilege from testifying concerning the subject matter of his statement; or

(2)  Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3)  Testifies to a lack of memory of the subject matter of his statement; or

(4)  Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5)  Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means.

evidence was harmless beyond a reasonable doubt in order to decide the question of whether or not the admission of former testimony under a hearsay exception to the Hawaii Rules of Evidence violated Lincoln's constitutional right to confront his accuser. *State v. Pookini*, 57 Haw. 26, 548 P.2d 1402 (1976).

In the present case, the trial court found that both Kekona and Hawkins were unavailable and admitted their former testimony from the first trial which was read to the jury even though the State was not able to assure the trial court that Kekona's testimony at the second trial would have been substantially similar to that in the first if he did choose to testify a second time. Kekona's recantation and recantation of the recantation were also made known to the jury but, of course, Lincoln's counsel was unable to cross–examine him on these matters.

Generally, former testimony is admissible as an exception to the hearsay rule. Since it was adduced under oath and the opposing party had the opportunity for full cross–examination, former testimony is thought to be reliable and acceptable when the declarant is unavailable. *Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980) (reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception); *State v. White*, 65 Haw. 286, 651 P.2d 470 (1982). Criminal defendants have a basic constitutional right to confront their accusers under both the Hawaii and United States Constitutions.[2] Under HRE 804(b)(1), the proponent of former testimony must establish that the witness is unavailable and that his unavailability has not been procured by the party seeking to use his former testimony *and* that the opposing party had a sufficient reason, motive, and opportunity to cross–examine the witness at the former hearing.[3]

---

[2] Haw. Const. art. I, § 14; U.S. Const. amend. VI.

[3] Rule 804(b)(1) provides:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

Former testimony is thus admissible and does not violate the Confrontation Clause if this test is met. **Roberts, supra.**

Hawaii case law also allows the admission of former testimony, if the witness is unavailable. Generally, the introduction of prior testimony does not violate the Confrontation Clause if there is sufficient proof of the unavailability of the witness. **State v. Kim,** 55 Haw. 346, 519 P.2d 1241 (1974). Such testimony is admissible if the witness was under oath, the defendant and his attorney were present and had an opportunity to cross–examine the witness, the proceedings were before a judicial tribunal which recorded them properly, and the State was unable to procure the attendance of the witness after diligent efforts. **State v. Faafiti,** 54 Haw. 637, 513 P.2d 697 (1973).

We find that here Kekona's former testimony lacks reliability. Kekona retracted his testimony under oath, retracted his retraction, and finally refused to testify at trial. His motives are unclear but may have included, among other things, a desire to receive a free trip back to Hawaii from his mainland prison as well as an attempt to strike a better deal with the State. We also find that the prior cross–examination of Kekona was rendered inadequate by subsequent events.

There is a federal case which is analogous. In **United States v. Barlow,** 693 F.2d 954 (6th Cir. 1982), the court set out a test for determining the reliability of former testimony given before a grand jury which was sought to be admitted under Federal Rules of Evidence 804(b)(5) (same as HRE 804(b)(6)).[4] Although there

---

(1)  Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, at the instance of or against a party with opportunity to develop the testimony by direct, cross, or redirect examination, with motive and interest similar to those of the party against whom now offered.

[4] HRE 804(b)(6) provides:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

was no cross–examination before the grand jury, the testimony was given under oath.

[9] Second the trial court must determine whether the substance of the grand jury testimony possesses "circumstantial guarantees of trustworthiness" equivalent to the other exceptions included in Rule 804. In making this determination the trial court should consider the *declarant's relationship with both the defendant and the government, the declarant's motivation to testify* before the grand jury, the extent to which the testimony reflects the declarant's personal knowledge, *whether the declarant has ever recanted the testimony, and the existence of corroborating evidence available for cross–examination.* (Emphasis added).
*Id.* at 962.

We hold that the mechanistic application of the hearsay exceptions is inappropriate. *Chambers v. Mississippi,* 410 U.S. 284, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973).

The evidence against Lincoln is flimsy without the critical testimony of Kekona. Kekona's testimony was critical to the extent that we feel that, upon review of the record, its admission was not harmless beyond a reasonable doubt. To allow the former testimony which lacks the indicia of reliability usually associated with

----

. . . .

(6) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (B) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

sworn testimony to be admitted in lieu of Kekona's live appearance violates Lincoln's constitutional right to confront his accuser as to subsequent events which have rendered Kekona's testimony unreliable.

Reversed and remanded for a new trial.

*Eric A. Seitz* for Defendant–Appellant.

*Steven S. Michaels* (*John C. Bryant, Jr.* with him on the brief), Deputy Attorneys General, for Plaintiff–Appellee.