381 P.2d 594

**Sandy LERNER, Petitioner,**

**v.**

**The SUPERIOR COURT OF MARICOPA COUNTY, State of Arizona, and Robert Myers, Judge of the Superior Court, Respondents.**

**No. 7846.**

Supreme Court of Arizona.

En Banc.

May 15, 1963.

Wade Church, Phoenix, for petitioner.

Charles N. Ronan, Maricopa County Atty., John F. O'Mara and Henry F. Sill, Deputy County Attys., Phoenix, for respondents.

LOCKWOOD, Justice.

We issued an alternative writ of prohibition in an original proceeding initiated by Sandy Lerner seeking to prevent respondents, the Superior Court of Maricopa County and Judge Robert L. Myers of the Superior Court, from any further proceedings in certain criminal actions, Nos. 40673 and 40674, now pending against said petitioner.

Such facts as are before us are summarized as follows: A subpoena duces tecum was issued from the Securities Division of the Arizona Corporation Commission directed to Sandy Lerner, petitioner herein, commanding him to deliver and produce all books, papers and documents pertaining to Lukehaven, a partnership. The subpoena was taken to his office by a representative from the Commission, though there is some question whether it was actually served. Petitioner at first refused to give up said documents, and alleges he claimed privilege against self-incrimination under A.R.S. § 44–1824.[1] However, Mr. Joe Sotelo, director of the Securities Division went personally to petitioner's office and asked for the books and papers indicated in the subpoena. Petitioner did not actually give them to Sotelo but placed them on a desk or table, from which Sotelo picked them up without aid or hinderance from petitioner. Included in the records taken from petitioner's office were many personal papers of petitioner not pertaining to the Lukehaven partnership. These were included in the records because common accounting book; and files were kept on all of petitioner's activities, including Lukehaven. There is a conflict between petitioner and Sotelo as to whether petitioner claimed his privilege against self-incrimination when Sotelo took the records.

---

1. A.R.S. § 44–1824. "Compulsory testimony; privilege against self-incrimination

"No person shall be excused from attending and testifying or from producing books, papers, contracts, agreements and other documents before the commission, or in obedience to the subpoena of the commission, any member thereof, the director, or any officer designated by the commission, or in any action or proceeding instituted by the commission, on the ground that the testimony or evidence, documentary or otherwise, required of him, may tend to incriminate him or subject him to a penalty or forfeiture, but *no individual shall be subjected to criminal prosecution* for or on account of any transaction, matter, or thing concerning which he is compelled, *after having claimed his privilege against self-incrimination,* to testify or produce evidence, documentary or otherwise, except that a person so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying."

Therefore, if the petitioner did not claim his privilege, specifically, he would have waived his immunity.

Sometime after the documents taken had been processed by the Securities Department they were returned to petitioner. No hearing on the Lerner securities matter was held by the Arizona Corporation Commission, but the records were submitted to the Attorney General, who declined to take any action. Petitioner also alleged that the official file in the Corporation Commission on Sandy Lerner was shown to the City of Phoenix Police Department and the Maricopa County Attorney. Later a grand jury, after hearing testimony from a member of the Securities Staff of the Arizona Corporation Commission, the City Police and the County Attorney, indicted Sandy Lerner. He was charged with ten separate counts of sale of unregistered securities and sales of securities by an unregistered dealer or salesman in violation of Arizona Revised Statutes §§ 44–1801 and 44–1841, and with five counts of obtaining money under false pretenses for the alleged illegal sale of these securities. Petitioner claims that the papers and documents secured from him were used against him in the criminal indictments returned by the Maricopa County grand jury. All of the charges set forth in the indictments are directly related to the alleged illegal sale of securities arising out of the Lukehaven matter, a limited co-partnership. A motion to quash the indictment was filed by petitioner and a special hearing was held on February 1, 1963. At this hearing Judge Robert L. Myers made the following order:

"The Court feels that there is not sufficient evidence for the Court at this time as to the fact that the indictments in these causes are based solely on the information obtained from these documents in question, and on that ground it is ordered that the Defendant's Motion to Quash the indictments will be denied.

"It is further ordered that the Court will reserve ruling as to the matter of suppression of evidence until the time of trial, and as evidence is presented the Court will make a determination at that time on objections of the defendant as to whether or not certain evidence would or would not be suppressed because of this particular phase of the case."

At this same time the following colloquy also occurred between petitioner's attorney and the judge, as appears in the reporter's transcript:

"MR. CHURCH: Your Honor, under this section [A.R.S. § 44–1824] it says: Any evidence which may tend to incriminate, or—

"THE COURT: Yes, but I have no evidence before me at this time that these indictments *are based on any of the information gained from these documents. It may be on evidence entirely separate from these documents.* I don't know. But there is no evidence

before me that that is the fact." (Emphasis supplied.)

Petitioner thereupon sought a writ of prohibition from this Court, claiming that the lower court exceeded its jurisdiction when it failed to grant the petitioner immunity from criminal prosecution under Arizona Revised Statutes § 18-1824, supra, by quashing the indictments.

There are insufficient facts to sustain petitioner's conclusions. It is true that if he did claim his privilege under the statute, and if the records sought by the subpoena duces tecum and obtained by Mr. Sotelo were used in some way to bring about the indictments directed toward petitioner, then the petitioner may have a claim for a writ of prohibition. However, we cannot decide that question. There has been no finding by the lower court that petitioner did actually claim his privilege at any time, or that these records were used in some way to indict him. The court below, after hearing on the motion to quash indictments, stated specifically that he did not have enough evidence to sustain the motion to quash. These are factual matters which cannot now be resolved by this Court, but must be left for determination by the trial court. Hence the alternative writ of prohibition must be and is hereby quashed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concur.