471 P.2d 1021

**STATE of Arizona, Petitioner,**

v.

**Joe JACOBSON, Justice of the Peace of Precinct No. Four of Pima County, Arizona, and Dennis Keith SCHMIDKUNZ, Real Party in Interest, Respondents.**

**No. 10088.**

Supreme Court of Arizona,
In Banc.

June 29, 1970.

Rose Silver, Pima County Atty., by Stephen D. Neely, Deputy County Atty., Tucson, for petitioner.

William J. Risner, Tucson, for real party in interest.

STRUCKMEYER, Vice Chief Justice.

This matter invoked the original jurisdiction of this Court, Article 6, Section 5, Constitution of Arizona, A.R.S., by Rose Silver, County Attorney of Pima County, Arizona, for a special writ to prohibit Joe Jacobson, Justice of the Peace of Precinct No. 4 of Pima County, Arizona, from proceeding on a motion to suppress a quantity of marijuana. We accepted jurisdiction, ordering that the alternative writ of prohibition issue.

One Dennis Keith Schmidkunz was charged by criminal complaint in Justice of Peace Precinct No. 4 with a violation of A.R.S. § 36–1002.05, Unlawful Possession of Marijuana. The unlawful possession of marijuana is punishable by imprisonment in the State Prison for not less than one nor more than ten years; but for a first offense the court may impose a fine not exceeding $1,000.00 or imprisonment in the County Jail not exceeding one year, or both. The offense therefore can be a crime amounting to a felony, depending upon its final disposition, and is within the exclusive original jurisdiction of the Superior Court, Arizona Constitution, Article 6, Section 14.

The criminal complaint was set for preliminary hearing before respondent justice of the peace. Prior to the preliminary hearing Schmidkunz moved respondent to suppress a certain quantity of marijuana on the grounds that it was obtained as a result of an unlawful search and seizure. The State, through the County Attorney of Pima County, objected to the justice court's jurisdiction to hear and determine defendant's motion to suppress. Respondent then entered this ambiguous order: "that the justice court has the jurisdiction to rule at a preliminary hearing with respect to unlawful search and seizure or any other constitutional question that may arise during the preliminary hearing."

 If respondent meant by this order that he had the power to grant a motion to suppress evidence, he was in error. The Superior Court has exclusive jurisdiction of criminal cases amounting to felonies. But if respondent meant that he had the jurisdiction to rule at the preliminary hearing on an objection to the admission of evidence that the marijuana was the product of an unlawful search and seizure, he is correct. While a presiding magistrate conducting a preliminary hearing has only the limited jurisdiction to determine a question of probable cause, that determination still must be bottomed upon competent evidence of criminal activity to the same extent as any other judicial proceeding:

"[t]he proof which will authorize a magistrate in holding an accused person for trial must consist of legal, competent evidence. No other type of evidence may be considered by the magistrate. The rules of evidence require the 'production of legal evidence' and the exclusion of 'whatever is not legal.'" People v. Schuber, 71 Cal.App.2d 773, 775, 163 P.2d 498, 499.

See also Rogers v. Superior Court of Alameda County, 46 Cal.2d 3, 291 P.2d 929.

■ For the reason that it does not unambiguously appear that respondent proposes to grant Schmidkunz's motion to suppress, see Lerner v. Superior Court, 94 Ariz. 59, 381 P.2d 594, the alternative writ of prohibition is ordered quashed.

LOCKWOOD, C. J., and UDALL, McFARLAND and HAYS, JJ., concur.