596 P.2d 47

In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 26289–3.

No. 2 CA–CIV 3168.

Court of Appeals of Arizona, Division 2.

April 5, 1979.

Review Denied May 1, 1979.

Bruce A. Burke, Tucson, for appellant juvenile.

Stephen D. Neely, Pima County Atty., by Stefani J. Gabroy, Deputy County Atty., Tucson, for appellee.

OPINION

HATHAWAY, Judge.

Appellant appeals from an order of the juvenile court transferring him to superior

court for prosecution as an adult. We believe the court erred in not entertaining appellant's motion to suppress evidence and therefore remand for a new hearing on probable cause.

The transfer hearing has been analogized to a preliminary hearing in adult court. In the *Matter of Pima County, Juvenile Action No. J–47735–1,* 26 Ariz.App. 46, 546 P.2d 23 (1976); *In re Anonymous, Juvenile Court No. 6358–4,* 14 Ariz.App. 466, 484 P.2d 235 (1971). Appellee argues that because of the analogy, Rule 5.3(b), Arizona Rules of Criminal Procedure, 17 A.R.S., should be applied to bar suppression motions in the preliminary proceeding in juvenile court.

However, Rule 18, Rules of Juvenile Court, states:

> "No extra-judicial statement to a peace officer or court officer by the child shall be admitted into evidence in juvenile court over objection unless the person offering the statement demonstrates to the satisfaction of the court that: The statement was voluntary and before making the statement the child was informed and intelligently comprehended that he need not make a statement, and that any statement made might be used in a court proceeding, and that he had a right to consult with counsel prior to making a statement and during the taking of the statement, and that, if he or his parents, guardian or custodian could not afford an attorney, the court would appoint one for him prior to any questioning."

We have stated:

> "The use of the term 'probable cause' leads us to conclude that the first phase of the transfer hearing has some comparability to a preliminary hearing in the adult court. This requires that the determination be founded upon competent evidence to the same extent as any other judicial proceeding. See *State v. Jacobson,* 106 Ariz. 129, 471 P.2d 1021 (1970). The Juvenile Court judge, therefore, has a duty to deny admission into evidence

those statements of the juvenile that are inadmissible under the statutory or case law of this state." 14 Ariz.App. at 470, 484 P.2d at 239.

The decision in *Jacobson,* supra, was supplanted by Rule 5.3(b),[1] Arizona Rules of Criminal Procedure, 17 A.R.S., but *In re Anonymous,* supra, and Juvenile Rule 18 are not affected by this change, which does not apply to Juvenile Court.

The Juvenile Court erred in not hearing and ruling upon appellant's motion to suppress his confession and the motion to suppress evidence seized during a search. The transfer order is set aside and the case is remanded for a new hearing on probable cause only.

RICHMOND, C. J., and HOWARD, J., concur.

---

1. This rule provides:
   "Rules or objections calling for the exclusion of evidence on the ground that it was obtained unlawfully shall be inapplicable in preliminary hearings."