NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DENIJAL HRBENIC, *Petitioner.*

No. 1 CA-CR 12-0224 PRPC

FILED 3-25-2014

Appeal from the Superior Court in Maricopa County
No. CR2010-101929
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Denijal Hrbenic, Phoenix
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

**G O U L D,** Judge:

¶1         Petitioner Denijal Hrbenic ("Hrbenic") seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1.  Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).  Finding no such error, this court grants review but denies relief.

## BACKGROUND

¶2         As a result of his sexually deviant behavior with three minor victims, Hrbenic was charged with three counts of sexual conduct with a minor, four counts of child molestation, and one count of indecent exposure.  After his counsel secured a more favorable plea than the state had originally offered, Hrbenic plead guilty to amended count one, child molestation, and amended counts six and eight, attempted child molestation.  The parties stipulated that the sentence for amended count one would not exceed the presumptive term of seventeen years' imprisonment, and stipulated to lifetime probation for amended counts six and eight.  The trial court accepted the plea and later sentenced Hrbenic to the presumptive term of seventeen years' imprisonment on amended count one, and lifetime probation on amended counts six and eight.

¶3         Hrbenic filed a timely notice of post-conviction relief.  Counsel was appointed and after reviewing the record, counsel filed a notice that he was unable to find any claims for relief.  Hrbenic then filed a lengthy pro se petition.  He claimed his plea was involuntary, his counsel was ineffective, his statements to police and a confrontation call should have been suppressed, the trial judge was not neutral and impartial, and the court had no subject matter jurisdiction over counts one and six as alleged in the indictment.

¶4         After full briefing, the trial court denied relief.  The trial court found that Hrbenic's claims regarding the admissibility of the confrontation call and his statements to police were waived by entry into the plea agreement.  As to the ineffective assistance of counsel claim, the trial court noted that counsel was aware of the above issues, but chose to pursue a more favorable plea agreement.  The court also found that the record belied Hrbenic's claim that his plea was involuntary.  Hrbenic's

motion for reconsideration was denied and Hrbenic timely petitioned this court for review.

**DISCUSSION**

¶5        On review Hrbenic argues that the trial court misunderstood his claims.  He argues that he is entitled to relief because (1) his plea was involuntary as a result of counsel's ineffective assistance, and because of "the [trial] court's unfair, inaccurate, and coercive acts," and because (2) the trial court did not make any specific ruling on his subject matter jurisdiction claim.  As explained below, Hrbenic failed to set forth any colorable claims, and thus the trial court did not abuse its discretion when it denied relief.

I.        Confrontation call

¶6        Hrbenic argues that counsel should have moved to suppress the confrontation call because (1) the call was intercepted and recorded without valid consent, (2) he was not warned that anything he said during the call could be used against him, and (3) the call was an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, and Article II, Section 8 of the Arizona Constitution. He asserts that if counsel had advised him of this, he would not have plead guilty.  He also asserts that had the trial court advised him of this at the settlement conference, he would have insisted on going to trial.  He concludes that counsel's failure to so advise him constituted ineffective assistance, and that the trial judge's failure to so advise him demonstrates that the trial judge was not neutral or impartial, but instead coerced him to take the plea agreement.

¶7        These claims are not colorable.  We note that generally confrontation calls are admissible at trial.  *See State v. Allgood*, 171 Ariz. 522, 524, 831 P.2d 1290, 1292 (1992) (recording of confrontation call designed to elicit admissions corroborating victim's accusations does not violate United States or Arizona Constitutions).  Furthermore, Hrbenic's allegations that the victim was acting as an agent of the police and that valid consent was not given are unsupported by the record.  Although he referenced police reports in his petition, those reports are not part of the record.  For a claim to be colorable there must be something in the record

that arguably supports the claim.[1]  *State v. Suarez*, 23 Ariz. App. 45, 46, 530 P.2d 402, 403 (1975).

**¶8**        Because Hrbenic failed to show that the confrontation call would likely have been inadmissible, his claim of an involuntary plea based on counsel's alleged ineffective assistance is unfounded.   And Hrbenic's claim that the trial judge was "unfair, inaccurate, and coercive," because the trial judge did not advise him that the confrontation call was inadmissible and that without the call he would likely be acquitted at trial, is similarly unfounded.

II.      Hrbenic's statements to police

**¶9**        The record reflects that counsel was aware that Hrbenic's statements to police might have been subject to suppression, but counsel chose to forgo a motion to suppress and to pursue a more favorable plea agreement.  Actions which appear to be a reasonable choice of tactics will not support an allegation of ineffective assistance of counsel.  *State v. Vickers*, 180 Ariz. 521, 526, 885 P.2d 1086, 1091 (1994); *State v. Nirschel*, 155 Ariz. 206, 208, 745 P.2d 953, 955 (1987).

III.     Counsel's alleged statements regarding sentencing

**¶10**       Hrbenic also claims that counsel made statements to him that misled him about the sentences he would receive.   Other than Hrbenic's self-serving affidavit, there is nothing in the record to support this claim.  In fact, this claim is contradicted by the record.  The potential sentences under the plea agreement were fully explained to Hrbenic and he told the trial court that he understood.  He also told the court that no promises, other than those written in the plea agreement, had been made to him by anyone.  A trial court need not conduct an evidentiary hearing based on unsubstantiated claims.  *State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

---

[1]       Even if the claims were supported, the three victims were available to testify at trial so that suppression of the confrontation call in no way assured an acquittal.  Counsel's decision to forgo suppression of any evidence and pursue a more favorable plea agreement was not only reasonable, but successful.

IV.     Subject matter jurisdiction

¶11        Finally, although the trial court did not specifically address the subject matter jurisdiction claim, the trial court properly denied relief. Relying on perceived deficiencies as to the date ranges set forth in counts one and six of the original indictment, Hrbenic claims these deficiencies deprived the trial court of subject matter jurisdiction. However, even if these counts were deficient as argued, the trial court would not be deprived of subject matter jurisdiction. As Hrbenic concedes, the superior court has subject matter jurisdiction in felony cases. Ariz. Const. art. VI, § 14; *State v. Jacobsen*, 106 Ariz. 129, 130, 471 P.2d 1021, 1022 (1970). Subject matter jurisdiction is "the power of a court to hear and determine a controversy." *Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985). Thus, even if the counts were defective as alleged, the superior court retained the power to "hear and determine" Hbrenic's felony prosecution.

**CONCLUSION**

¶12        For these reasons, although granting the petition for review, relief is denied.



Ruth A. Willingham · Clerk of the Court
F I L E D :  MJT