STATE OF HAWAII, Plaintiff-Appellant, *v.* MASARU SHINGAKI, also known as Masa, Defendant-Appellee, and HELGA MARIE ADAMS, also known as Helga Bradley Adams and RAYMOND JAMES PROCTOR, Defendants

NO. 8268

(CRIMINAL NO. 54385)

JULY 15, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal from an order below dismissing an indictment charging offenses under § 707-751, HRS. The court below held the statute to be overly broad in contravention of the First Amendment of the United States Constitution. The court below also, apparently, held the statute to be unconstitutional because it did not meet the tests laid down in *Miller v. California*, 413 U.S. 15, 93 S. Ct. 2607, 37 L. Ed.2d 419 (1973), for obscenity. We reverse.

Both grounds upon which the court below relied were dealt with in depth by the Supreme Court of the United States on July 2, 1982 in *New York v. Ferber*, No. 81-55, 50 U.S.L.W. 5077, which reversed a similar order entered in New York with respect to a similar statute.

As to appellee's argument that the "obscenity" standards of *Miller, supra,* are applicable, the Supreme Court of the United States in *Ferber, supra,* pointed out that the state's overriding interest in preventing child abuse makes the test of obscenity inapplicable in cases involving the distribution of material depicting children engaging in sexual conduct. We agree.

We turn then to the contention that the statute is "overbroad." Section 707-751, HRS, provides:

*Promoting child abuse in the second degree.* (1) A person commits the offense of promoting child abuse in the second degree if, knowing or having reason to know its character and content, the person disseminates any material which employs, uses, or otherwise contains a minor engaging in or assisting others to engage in sexual conduct.

(2) As used in this section:

"Disseminate" means to publish, sell, distribute, transmit, exhibit, or present material or to offer or agree to do the same.

"Material" means any printed matter, visual representation, or sound recording, and includes but is not limited to books, magazines, motion picture films, pamphlets, newspapers, pictures, photographs, and tape or wire recordings.

"Minor" means any person less than sixteen years old.

"Sexual conduct" means acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse, deviate sexual intercourse, or sadomasochistic abuse.

"Sadomasochistic abuse" means flagellation or torture by or upon a person as an act of sexual stimulation or gratification.

(3) The fact that a person engaged in the conduct specified by this section is prima facie evidence that the person engaged in that conduct with knowledge of the character and content of the material. The fact that the person who was employed, used, or otherwise contained in the material was at that time, a minor, is prima facie evidence that the defendant knew the person to be a minor.

(4) Promoting child abuse in the second degree is a class C felony.

We note that the definition of "sexual conduct" above is narrower

than the New York statute in *Ferber, supra,* which forbad "simulated" sexual conduct and also "lewd exhibition of the genitals," neither of which are mentioned in Hawaii's statutory definition of "sexual conduct."

Under our statute, the material disseminated must employ, use or otherwise contain, a minor engaging in, or assisting others to engage in "sexual conduct." It thus applies, not to descriptions of minors engaging in "sexual conduct," but to material, such as the pictures which form State's Exhibit B in the record in this case, depicting minors actually engaging or assisting others to engage in "sexual conduct." Our statute, clearly, is no broader than that upheld as not being violative of the First Amendment by the Supreme Court of the United States in *Ferber.*

As to any claim of unconstitutionality under the Constitution of the State of Hawaii, we see no difference between the State and Federal Constitutions in this respect.

Accordingly, the order dismissing the indictment below is reversed and the case is remanded for further proceedings consistent herewith.

*Nathan Aipa (Arthur E. Ross* on the opening brief), Deputy Prosecuting Attorney, for appellant.

*Winston Mirikitani (Reinhard Mohr* with him on the brief, *Mirikitani, Alexander-Taylor & Mohr* of counsel) for appellee.