GERTRUDE K. TOLEDO, Petitioner, *v.* GERALD LAM, Judge, District Court, First Circuit, State of Hawaii, and STATE OF HAWAII, Real Party in Interest, Respondents

NO. 9647

(D. NO. 73942)

JANUARY 25, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

In this case the petition is called a petition for prohibition but the relief sought is both prohibitory and mandatory. The petitioner is the defendant in a preliminary hearing on a charge of murder. The respondent is the district judge hearing that proceeding.

Petitioner raises three grounds for relief. First, she claims that because the prosecution had gone to a grand jury and presented its case (in the interval between the filing of the charge and the holding of the preliminary hearing) and the grand jury had returned a no-bill, that the prosecution had elected to proceed by way of grand jury and indictment and was therefore barred from proceeding by way of preliminary hearing and complaint. As to this claim, we perceive no reason why it cannot be raised by her on any eventual appeal. The claim therefore is no basis for the issuance of an extraordinary writ.

Petitioner's second claim is that she has a right to present evidence in support of her claim of self-defense and that the respondent barred her from doing so.

A preliminary hearing is not a trial. It is a proceeding to determine probable cause. Probable cause has been established when it can be said that a reasonable and prudent person viewing the evidence would have a strong suspicion that a crime had been committed. *State v. Freedle,* 1 Haw. App. 396, 620 P.2d 740 (1980). While a defendant has a right to introduce evidence in support of a theory of defense at a preliminary hearing, that right, by the nature of the type of hearing involved, is necessarily subject to control by the district judge in the exercise of his discretion. Otherwise, preliminary hearings might well degenerate into full-blown expositions of the complete defenses to be presented at trial. An untrammeled right to present any and all defense evidence at preliminary hearings would, in many cases, unduly extend such hearings and clog up the workings of the criminal justice system.

In the particular case, petitioner's contention that she was not allowed to present evidence on the matter of self defense is vastly overstated. Although the district judge made some rather broad statements in the course of ruling on certain offers of evidence, a considerable amount of self-defense evidence had already been presented when the present writ was sought. On the record, as a

whole, this is a case where the district judge was exercising discretion as to the amount of evidence on the issue rather than flatly prohibiting the introduction of any evidence.

On this claim by petitioner, therefore, we are dealing with the exercise of discretion on the part of the district judge, and thus there is no basis for the granting of a writ for extraordinary relief. *Compare State v. Shintaku,* 64 Haw. 307, 648 P.2d 190 (1982).

Petitioner's third claim is that her counsel was denied the right to cross-examine effectively Detective Yamashita who testified during the preliminary hearing with respect to a lengthy recorded statement of the defendant taken by him. On cross-examination, Yamashita stated that he had used that statement, which had been transcribed, to refresh his recollection before testifying. Counsel for petitioner then asked for the statement to be produced and the court denied that request.

In *State v. Faafiti,* 54 Haw. 637, 513 P.2d 697 (1973), in a footnote, we adivsed district judges to permit counsel for the defendant at a preliminary hearing to cross-examine fully and thoroughly the State's witnesses. Normally, a cross-examination cannot be full and thorough unless counsel is permitted access to the witness' previous statements on the matters on which the witness is testifying and the documents which the witness has used to refresh his or her memory before testifying. *Compare* HRE Rule 612.

We are not here dealing with discovery pursuant to HRPP Rule 16, which can commence only upon the filing in the circuit court of an indictment or a complaint. We are instead dealing with the defendant's right to have his or her counsel effectively cross-examine the State's witnesses.

The matter is one within the discretion of the district judge, and there may arise instances in which, in the district judge's discretion, disclosure of such matters is not required. Normally, however, such disclosure will be necessary to the exercise of the right of effective cross-examination.

Moreover, since such disclosure will usually have to be made by the State under HRPP Rule 16 once an indictment or a complaint has been filed in circuit court, the prejudice to the State's position by disclosure at the preliminary hearing appears either minimal or non-existent. Indeed, the withholding of such matters by the State

may well prevent its later use of the witness' preliminary hearing testimony if the witness is unavailable at trial.

In our view, therefore, the refusal to require the disclosure of the petitioner's statement given to the police, which the witness used to refresh his recollection, was wrong. While we decline to issue an extraordinary writ in this case, we trust that on a resumption of the preliminary hearing, the district judge will take into account the views we have here expressed.

Petition dismissed.

*John S. Edmunds* for petitioner.

*Peter Van Name Esser,* Deputy Prosecuting Attorney, for respondents.