STATE OF HAWAII, Plaintiff-Appellant, *v.* DONALD R. KUBA, Defendant-Appellee

NO. 9731

CRIMINAL NO. 59194

SEPTEMBER 26, 1985

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

The State of Hawaii (hereinafter "State") appeals 1) an Order Granting Defendant's Motion to Suppress Statements; 2) an Order Granting Defendant's Motion for Dismissal of Count I of the Indictment for Insufficient Evidence; and 3) an Order Granting Defendant's Motion to Suppress Evidence Obtained in Violation of Defendant's *Miranda* Rights. The trial court concluded that the police questioning of Defendant after a traffic stop amounted to custodial interrogation and that Defendant should have been informed of his constitutional rights to silence and an attorney under *Miranda v. Arizona,* 384 U.S. 436 (1966). The trial court also dismissed Count I of the indictment on the ground there was insufficient evidence to indict Defendant for Driving Under the Influence of Drugs. Finally, the trial court invalidated the seizure of two and one-half methaqualone tablets as products of the initial illegal interrogation. For the reasons stated below, we reverse the orders and remand the case for trial.

I.

On April 27, 1983 at about 1:00 a.m. on Nuuanu Avenue, Officers Torres and Castro observed Defendant's truck straddling two lanes of traffic and travelling five miles per hour in a twenty-five mile per hour zone. Officer Torres stopped Defendant, requested Defendant's license, and asked Defendant to step out of the truck. Defendant appeared disoriented and unsteady on his feet. Officer Torres told Defendant the reason for the stop. Officer Torres suspected Defendant of driving under the influence of intoxicating liquor and informed Defendant of that suspicion.

Defendant then responded that he had consumed four beers earlier at a downtown bar. Officer Torres asked Defendant if he "normally gets wasted on four beers." In response to this question, Defendant

responded that he had also smoked some marijuana.[1]

Defendant failed a field sobriety test administered by Officer Torres. Officer Torres then arrested Defendant for driving under the influence of alcohol in violation of Hawaii Revised Statutes (hereinafter "HRS") § 291-4 (1976).[2] At the police station, Defendant submitted to an Intoxi-lyzer test to determine his blood alcohol count. The test resulted in a reading of .00 indicating no alcohol in Defendant's blood. Officer Torres conferred with the watch captain, advising him of Defendant's statement of smoking marijuana. Officer Torres amended the charge to driving while under the influence of drugs in violation of HRS § 291-7 (1976).[3] At the receiving desk Officer Coons searched Defendant for evidence of drugs and found two and one-half tablets of methaqualone. The Defendant was charged with driving while under the influence of

---

[1]Officer Torres testified:

Well, I noticed his condition behind the wheel. I asked him to alight from his vehicle. He did so. And in a number of seconds, I initially observed him — well, while I was observing him, I asked [sic] him the reason for the stop was the manner in which he was driving. I advised him that he gave me the impression that he might have been under the influence of alcohol.

At that point, *he said, that he had had four beers* and at this point, you know, *I asked him - because of this condition - did he normally get in that condition after consuming four beers.* At that point, *he spontaneously or he uttered that he was smoking [marijuana]* . . .

Transcript, January 12, 1984 at 21 (emphasis added).

[2]The relevant portion of the statute in effect on the date of the offense provided that:

§ *291-4 Driving under influence of intoxicating liquor.* Whoever operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The legislature has since amended the statute. See HRS § 291-4 (Supp. 1984).

[3]HRS § 291-7 provides:

*Driving under influence of drugs.* Whoever operates any vehicle while under the influence of any drug to a degree which renders him incapable of operating the vehicle in a careful and prudent manner shall be fined not more than $1,000 or imprisoned not more than one year, or both. The fact that any person charged with a violation of this section is, or has been, legally authorized to use the drug shall not constitute a defense to such charge.

drugs and possession of the methaqualone in violation of HRS § 712-1243 (1976), Promoting a Dangerous Drug in the Third Degree.[4]

Defendant moved to suppress the statements. In his memorandum in support of his motion, Defendant contended that the roadside questioning was a custodial interrogation, and that any statements obtained by the police without the giving of *Miranda* warnings should be suppressed. Defendant sought to dismiss Count I of the indictment[5] for prosecutorial misconduct and insufficient evidence on the basis that no evidence, other than the illegally obtained statements, was presented to the grand jury to support the charge that Defendant had in fact taken drugs. Finally Defendant moved to suppress the methaqualone as fruits of the allegedly unlawful questioning.

The trial court suppressed the statements and concluded "[t]hat the statement made by the Defendant was obtained as a result of custodial interrogation not preceded by adequate *Miranda* warnings." Record at 127.

The trial court denied the motion to dismiss Count I of the indictment for prosecutorial misconduct but did grant the motion to dismiss and concluded, "[t]hat there was insufficient evidence to support a finding a [sic] probable cause as to the charge of Driving Under the Influence of Drugs, there being no corroborative evidence of same other than the Defendant's statement." Record at 132.

Finally, the trial court granted the motion to suppress the methaqualone tablets and concluded:

1. The recovery of the two and a half methaqualone tablets by Officer Coons was the fruit of the Defendant's arrest which was itself the fruit of the Defendant's illegal interrogation by Officer Torres.

---

[4]HRS § 712-1243 provides:

*Promoting a dangerous drug in the third degree.*

(1) A person commits the offense of promoting a dangerous drug in the third degree if he knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

[5]Count I of the indictment read:

On or about the 27th day of April, 1983, in the City and County of Honolulu, State of Hawaii, DONALD R. KUBA did operate a vehicle while under the influence of any drug to a degree which rendered him incapable of operating the vehicle in a careful and prudent manner, thereby committing the offense of Driving Under the Influence of Drugs in violation of Section 291-7 of the Hawaii Revised Statutes. Record at 1.

2. That under *State* v. *Medeiros,* 4 Haw. App. ___, (No. 8503, May 26, 1983),[6] the fruits of an illegal interrogation in violation of an individual's constitutional rights to silence and an attorney must be suppressed and precluded from use at trial.

3. The evidence presented to the Grand Jury as to Count I only was legally insufficient to support a finding of probable cause.

Record at 136-37.

State filed a timely appeal on February 2, 1984.[7]

II.

We will consider the issues presented in the following order: 1) the suppression of the incriminating statements; 2) the suppression of the methaqualone tablets; and 3) the dismissal of Count I of the indictment.

A.

The facts of this case are almost indistinguishable from the facts presented in *State v. Wyatt,* 67 Haw. 293, 687 P.2d 544 (1984). We noted there that the stopping of an automobile and the detaining of its occupants for a brief period during a traffic stop constituted a seizure within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution under *Delaware v. Prouse,* 440 U.S. 648 (1979). 67 Haw. at ___, 687 P.2d at 549. Where, however, the seizure of the defendant is reasonable to investigate a traffic violation and the investigating police officer engages in legitimate, straightforward, and non-coercive questioning necessary to obtain information to issue a traffic citation, there is no custodial interrogation; no *Miranda* warnings are required before the police officer begins asking questions. *Id.* at ___, 687 P.2d at 549-50.

---

[6]4 Haw. App. 248, 665 P.2d 181 (1983).

[7]Originally, State appealed only the Order Granting Defendant's Motion to Suppress Evidence Obtained in Violation of Defendant's Miranda Rights. Later the parties agreed to have us review the order dismissing Count I of the indictment. But because the order suppressing the physical evidence (drugs) is based upon the trial court's first conclusion, in the Order Granting Defendant's Motion to Suppress Statements, that Defendant's *Miranda* rights were in fact violated, we must necessarily review whether the trial court's initial conclusion was correct.

In *Wyatt,* police officers stopped Wyatt's car for driving without headlights on at night. Investigating Police Officer Main then asked Wyatt to produce identification. While Wyatt was looking through her purse for her driver's license and no-fault insurance card:

> Officer Main became aware of a smell of intoxicating liquor emanating from the passenger compartment of the automobile. So he asked if she had been drinking, which she readily admitted. She told him she had a drink earlier that night and then volunteered she had been cited for three traffic violations a few minutes earlier. At this juncture, the officer ordered her to alight from the car and proceeded to administer a field sobriety test. When it indicated she might have been driving while under the influence of intoxicants, she was arrested for violating HRS § 291-4.

67 Haw. at ___, 687 P.2d at 548 (footnote omitted). We held that the totality of the circumstances indicated that the interrogation was not held in a custodial context, *State v. Paahana,* 66 Haw. 499, 503, 666 P.2d 592, 595 (1983), *State v. Melemai,* 64 Haw. 479, 481, 643 P.2d 541, 544 (1982), and the questioning did not " 'subjugate the individual to the will of [the] examiner' and thereby undermine the privilege against self-incrimination." *Rhode Island v. Innis,* 446 U.S. 291, 299 (1980) (quoting *Miranda,* 384 U.S. at 457-58). "[T]he roadside questioning that led to the utterance of an inculpatory statement by the defendant did not rise to the level of interrogation calling for *Miranda warnings.*" *Wyatt,* 67 Haw. at ___, 687 P.2d at 549 (emphasis in original). We see no difference in the present case.

## B.

Here, the police officer stopped Defendant's car after observing it travelling at an abnormally low rate of speed and straddling two lanes of the highway. Defendant appeared unsteady and admitted drinking four beers as well as smoking marijuana after Officer Torres voiced his (Torres') suspicions and engaged in investigative questioning. The questioning is similar to that in *Wyatt* and does not rise to the level of custodial interrogation requiring that *Miranda* warnings be given.

The trial court, therefore, erred in suppressing the incriminating statements made by Defendant. The police officers were not required to give Defendant his *Miranda* rights prior to the traffic stop investigation under the facts of this case.

We also note that the United States Supreme Court has decided a case factually indistinguishable to the instant case, *Berkemer v. McCarty,* 468 U.S. ___, 104 S. Ct. 3138 (1984).[8] We, however, reverse the order for suppression of statements based solely on our decision in *Wyatt* and make no comment on *Berkemer* other than that previously stated in *Wyatt.*

### III.

Because the police did not illegally obtain Defendant's incriminating statements in violation of his *Miranda* rights, it necessarily follows that the methaqualone tablets were not fruits of any unlawful interrogation. The trial court erred, and the methaqulone tablets should not have been suppressed based on *Medeiros,* 4 Haw. App. 248, 665 P.2d 181 (1983).

Because Defendant's statements indicating he had smoked marijuana earlier were admissible, probable cause existed to arrest and to search Defendant for drugs. The order suppressing the methaqualone tablets is reversed.

### IV

This court has held that sufficient legal and competent evidence

---

[8]Like the Defendant in the present case, McCarty was stopped for suspicion of driving while under the influence of alcohol (DUI). When McCarty got out of the car, the patrol officer noticed that he had difficulty standing. The officer decided at that point that he would charge McCarty with DUI. However, the officer did not tell McCarty this. Instead, the officer gave McCarty a field sobriety test which he failed. The officer asked McCarty whether he used intoxicants. The defendant said he drank a few beers and smoked some marijuana. McCarty was arrested and taken for an Intoxilyzer test. The Intoxilyzer failed to detect any alcohol in McCarty's blood. The officer then resumed questioning of the defendant. 468 U.S. at ___, 104 S. Ct. at 3142.

The U.S. Supreme Court held that the statements made before the arrest were admissible and those after arrest were inadmissible because no *Miranda* warnings were given. *Id.* at ___, 104 S. Ct. at 3145. The Court reaffirmed the requirement that *Miranda* warnings be given before there is a custodial interrogation. *Id.* at ___, 104 S. Ct. at 3145. While the Court conceded that McCarty was not free to leave after he had been stopped, the Court held that McCarty was not in custody until he was arrested. *Id.* at ___, 104 S. Ct. at 3149-50. The Court held that until McCarty was formally arrested or subject to the functional equivalent of arrest, custody for *Miranda* purposes had not occurred. *Id.* at ___, 104 S. Ct. at 3149-50. Up to the point of arrest, the traffic stop is treated as similar to a *Terry v. Ohio,* 392 U.S. 1 (1968) stop and *Miranda* warnings are not needed. *Id.* at ___, 104 S. Ct. at 3150. See also, *Wyatt,* 67 Haw. at ___ n.5, 687 P.2d at 549 n.5.

before a grand jury which establishes probable cause that a suspect has violated the law will support an indictment. *State v. Scotland,* 58 Haw. 474, 476, 572 P.2d 497, 498 (1977). "Probable cause has been established when it can be said that a reasonable and prudent person viewing the evidence would have a strong suspicion that a crime had been committed." *Toledo v. Lam,* 67 Haw. 20, 21, 675 P.2d 773, 775 (1984) (citing *State v. Freedle,* 1 Haw. App. 396, 620 P.2d 740 (1980)). Furthermore, "every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and *neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for the Grand Jury.*" *Freedle,* 1 Haw. App. at 399, 620 P.2d at 743 (emphasis added) (construing *People v. Shirley,* 78 Cal. App. 3d 424, 144 Cal. Rptr. 282 (1978)).

The evidence presented before the grand jury was that Defendant 1) was unsteady on his feet and appeared intoxicated; 2) admitted he had smoked marijuana; 3) had no alcohol in his blood; and 4) had methaqualone in his pockets. There was sufficient evidence to establish probable cause for the indictment charging Defendant with Driving Under the Influence of Drugs because a reasonable person would suspect Defendant's intoxication was the result of taking drugs.

Because a person of ordinary caution and prudence would believe and conscientiously entertain a strong suspicion of guilt against Defendant, *Freedle,* 1 Haw. App. at 400, 620 P.2d at 743, the indictment should not have been dismissed for insufficient evidence. Accordingly, the order dismissing Count I of the indictment is reversed, and Count I is reinstated.

Reversed and remanded.

*Willard Peterson, (Arthur E. Ross, Mervyn L. Tano* on the opening brief; *Mervyn L. Tano* on the reply brief) Deputy Prosecuting Attorneys, for plaintiff-appellant.

*Richard Pollack,* Deputy Public Defender, for defendant-appellee.