STATE OF HAWAII, Complainant-Appellee, *v.* RANDALL W. KIM, Defendant-Appellant

NO. 10594

(CRIMINAL NOS. T85-11, T85-11A)

DECEMBER 23, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Defendant-Appellant Randall W. Kim (hereinafter "Kim") appeals convictions for driving under the influence of intoxicating liquor in violation of Hawaii Revised Statutes (hereinafter "HRS") § 291-4(a)(1) (Supp. 1984)[1] and for refusing to submit to a breath or blood test in violation of HRS § 286-155 (Supp. 1984).[2] The sole issue on appeal is whether the police illegally obtained incriminating evidence in violation of Kim's rights under article I, section 7 of the Hawaii Constitution

---

[1]HRS § 291-4 provides in part:
*Driving under influence of intoxicating liquor.* (a) A person commits the offense of driving under the influence of intoxicating liquor if:

    (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor . . .

[2]HRS § 286-155 reads in part:
*Revocation of privilege to drive motor vehicle upon refusal to submit to testing.* (a) If a person under arrest refuses to submit to a breath or blood test, none shall be given, except as provided in section 286-163, but the arresting officer shall, as soon as practicable, submit an affidavit to a district judge of the circuit in which the arrest was made, stating:

    (1) That at the time of the arrest, the arresting officer had reasonable grounds to believe the arrested person had either been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of intoxicating liquor;

    (2) That the arrested person had been informed of the sanctions of this section; and

    (3) That the person had refused to submit to a breath or blood test.

when a police officer ordered Kim out of his car after a traffic stop without probable cause or an articulable basis to believe a crime had been committed.[3] Based on a review of the record and relevant case law, we conclude the police action was unconstitutional. Therefore, the judgments of conviction are reversed for the reasons stated below.

I.

In the late evening hours of December 24, 1984, Honolulu Police Department Officer Boyd observed Kim's car make a right turn from Hotel Street onto River Street through a red light, without first stopping or signalling his intention to make a right turn. Officer Boyd then stopped Kim's car, requested Kim's license, asked Kim to step out of the car, and stated the reason for the traffic stop. While talking with Kim, Officer Boyd noticed that Kim's eyes were red and glassy, Kim appeared unsteady on his feet, and Kim's breath smelled of alcohol.

Kim failed a sobriety test administered by Officer Boyd. Officer Boyd then arrested Kim for violating HRS § 291-4(1)(a). At the police station, Kim refused to submit to an Intoxilyzer test to determine his blood alcohol level and was arrested for violating HRS § 286-155.

On the day of trial, Kim moved to suppress[4] all evidence obtained after Officer Boyd ordered him out of the car.[5] Kim asserted Officer Boyd illegally ordered him out of the car without any reasonable basis to suspect he had committed a crime. Kim argued that a traffic stop, of itself, does not give the police the authority to order a person out of a car under *State v. Wyatt,* 67 Haw. 293, 687 P.2d 544 (1984). Kim claimed he had been subjected to an unreasonable seizure.

---

[3]Article I, section 7 states:
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures and invasions of privacy shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized or the communications sought to be intercepted.

[4]Under the Hawaii Rules of Penal Procedure Rule 12(b)(3), the motion was untimely and should have been made prior to trial.

[5]Kim concedes Officer Boyd's observation of the illegal right turn was sufficient reason for the traffic stop.

 

The trial court denied the motion to suppress, and the following conclusions of law were entered onto the record:

3. Although Officer Boyd did not detect the odor of alcohol on the Defendant's breath or notice his glassy eyes and unsteadiness until after the Defendant exited his vehicle pursuant to the Officer's request, the valid stop in itself was sufficient reason under *State v. Wyatt* to justify the actions of Officer Boyd in having the Defendant alight from his vehicle.

4. Although this Court acknowledges footnote 9 of *State v. Wyatt,* which appears to stand for the proposition that a mere traffic stop, without more, is *insufficient* justification for having a driver alight from his car, this Court nevertheless concludes that such purported authority is not binding on this Court.

5. The reason for such a conclusion is that footnote 9 is mere dictum, not a holding.

6. Therefore, this Court concludes that the actions of Officer Boyd were constitutionally justified.

Findings of Fact and Conclusions of Law at 3-4 (emphasis in original).

The trial court later convicted Kim on both counts, and he filed a timely appeal.

## II.

In footnote nine of our decision in *Wyatt,* we stated:

Citing *Pennsylvania v. Mimms,* 434 U.S. 106 (1977), the State argues that once a motor vehicle has been stopped for a traffic violation, the police may, without more, order the driver to get out of the vehicle. If the case stands for the broad proposition urged by the State, *we are not prepared, "as the ultimate judicial tribunal" with "final, unreviewable authority to interpret and enforce the Hawaii Constitution," State v. Kaluna,* 55 Haw. 361, 369, 520 P.2d 51, 58 (1974), *to hold that a valid traffic stop of itself provides reason to order the driver to get out of the vehicle.* Article I, section 7 of the Hawaii Constitution, which protects the right of the people of Hawaii to be secure in their persons, houses, papers and effects against the unreasonable searches, seizures and invasions of privacy, is not subject to the reading urged upon us.

67 Haw. at ___ n.9, 687 P.2d at 552 n.9 (emphasis added). Footnote nine modifies the statement, "The validity of this 'seizure' [the request to

alight from one's car] and test for sobriety turns on *whether there was cause for further detention* and the manner in which the quest for evidence of drunkenness was carried out." *Id.* at ___, 687 P.2d at 552 (emphasis added and footnote omitted).

Footnote nine is *not dicta* and clearly establishes that a police officer must have cause before ordering a driver out of a vehicle after a traffic stop. We decline to adopt the standard established in *Mimms* by the United States Supreme Court. We instead hold that, under article I, section 7 of the Hawaii Constitution, a police officer must have at least a reasonable basis of specific articulable facts to believe a crime has been committed to order a driver out of a car after a traffic stop.

In *Wyatt*, police officers stopped Wyatt's car for driving without headlights on at night. Investigating Police Officer Main then asked Wyatt to produce her driver's license, vehicle registration certificate, and no-fault insurance card.

> While she rummaged through her purse for those documents, Officer Main became aware of *a smell of intoxicating liquor emanating from the passenger compartment of the automobile.* So he asked if she had been drinking, which she readily admitted. She told him *she had a drink earlier that night and then volunteered she had been cited for three traffic violations a few minutes earlier.* At this juncture, the officer ordered her to alight from the car and proceeded to administer a field sobriety test.

67 Haw. at ___, 687 P.2d at 548 (emphasis added and footnote omitted).

In *State v. Kuba,* 68 Haw. ___, 706 P.2d 1305 (1985), police officers stopped Kuba's truck for straddling two lanes of traffic and travelling five miles per hour in a twenty-five mile per hour zone. Investigating Officer Torres requested Kuba's driver's license and asked Kuba to step out of the truck *after* observing Kuba's erratic driving and apparently intoxicated condition behind the wheel.[6] *Id.* at ___ n.1, 706 P.2d at 1307-08 n.1.

---

[6]In *Kuba,* neither party raised the issue whether Officer Torres lawfully ordered Kuba out of the truck. However, unlike Kim who simply failed to come to a complete stop before making a right turn on a red light, Kuba's driving plus his appearance at the wheel strongly indicated Kuba was driving while intoxicated.

In *Wyatt* and *Kuba,* there were specific articulable facts to justify ordering the drivers out of their vehicles. The stopping of an automobile and the detaining of its occupants for a brief period during a traffic stop constitute a seizure within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution. *Wyatt,* 67 Haw. at ___, 687 P.2d at 549. Though in limited situations police officers who suspect criminal activity may make minor intrusions into a person's privacy rights based on less than probable cause, *Terry v. Ohio,* 392 U.S. 1, 19 (1968), *there must be an articulable basis for suspecting criminal activity. Wyatt,* 67 Haw. at ___, 687 P.2d at 552.

Here, the trial court found Officer Boyd had no articulable basis to order Kim out of the car and ruled the traffic stop, of itself, provided sufficient justification for Officer Boyd's actions. Because the trial court denied the motion to suppress based on an incorrect reading of our holding in *Wyatt,* we reverse the convictions against Kim and order the suppression of all evidence obtained after Officer Boyd illegally ordered Kim out of the car. An invalid search or seizure is not subsequently validated by what it produces. *See, State v. Phillips,* 67 Haw. 535, ___, 696 P.2d 346, 351 (1985).

Reversed and remanded.

*Edward K. Harada,* Deputy Public Defender, for Defendant-Appellant.

*Peter Van Name Esser* (*Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for Complainant-Appellee.