**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-25-0000037**
**30-JAN-2026**
**08:09 AM**
**Dkt. 81 SO**

NO. CAAP-25-0000037

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTOPHER M. KELIIHELEUA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000789)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Christopher M. **Keliiheleua** appeals from the *Findings of Fact, Conclusions of Law, Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Counts I and IV for Lack of Probable Cause* entered by the Circuit Court of the First Circuit.[1]  We affirm.

A grand jury returned a six-count indictment against Keliiheleua.  Keliiheleua moved to dismiss Counts I (Sexual Assault in the First Degree) and IV (Sexual Assault in the Third Degree).  The Circuit Court entered findings of fact (**FOF**), conclusions of law (**COL**), and an order dismissing Count IV, but

---

[1]     The Honorable James S. Kawashima presided.

denying the motion as to Count I.  Keliiheleua's timely motion for leave to file this interlocutory appeal was granted.

> We review an order denying a motion to dismiss an indictment for lack of probable cause *de novo* under the *right/wrong* standard.  State v. Park, 149 Hawai'i 542, 546, 495 P.3d 392, 396 (App. 2021) (citing State v. Taylor, 126 Hawai'i 205, 215, 269 P.3d 740, 750 (2011)).

> > A grand jury indictment must be based on probable cause.  Probable cause is established by a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain **a strong suspicion of the guilt of the accused**.  The evidence to support an indictment need not be sufficient to support a conviction.  In reviewing the sufficiency of the evidence to establish probable cause before the grand jury, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and **neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for that of the Grand Jury**.

Id. (emphasis added) (cleaned up).

Hawaii Revised Statutes (**HRS**) § 707-730 (2014) provides, in relevant part:

> (1)   A person commits the offense of sexual assault in the first degree if:
>
> . . . .
>
> > (d)   The person knowingly subjects to sexual penetration another person who is mentally defective,[.[2]]

"Sexual penetration" means "any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required."  HRS § 707-700

---

[2]    "Mentally defective" means "a person suffering from a disease, disorder, or defect which renders the person incapable of appraising the nature of the person's conduct."  HRS § 707-700 (2014).  The complaining witness's caregiver testified that the complaining witness was twenty-two years old, had been diagnosed with "moderate intellectual disability," and functioned at the age of a ten-year old.

(2014).  "[G]enital opening" includes "the anterior surface of the vulva or labia majora[.]"  Id.

> **(1)** Keliiheleua challenges the following FOFs:
>
> 7.    The Complainant [(**CW**)] testified that [Keliiheleua]:
>
>> a.    Touched her vagina.
>>
>>> i.    When asked, [CW] went on to explain that her vagina was sore after this touching.
>>
>> b.    Put his mouth on her vagina.
>>
>> c.    Sucked on her nipple.
>>
>> d.    Touched her breast.
>>
>> e.    Touched her butt.
>
> . . . .
>
> 11.    [CW] in this case testified that [Keliiheleua] touched her vagina and that after the touching her vagina was sore.

(Citations to record omitted.)[3]

We review FOFs under the *clearly erroneous* standard. Park, 149 Hawai'i at 546, 495 P.3d at 396.  A finding of fact is not clearly erroneous if the record contains substantial evidence supporting it.  Id.  Substantial evidence is credible evidence of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.  Id.

CW testified to the grand jury that Keliiheleua "sucked on my nipple, touched my butt, and he kissed me on the lips."

The State asked CW, "Did he put his, um, mouth anywhere else on your body besides your butt?  I'm sorry, your breast?"

---

3    Keliiheleua also challenges FOF no. 10, that "Grand Jury Counsel was available to the grand jury on the date of the proceeding."  We do not address it because he doesn't explain why he believes it is material to his appeal.

CW answered, "On my vagina."[4]

The State asked CW which part of her body Keliiheleua touched.

CW answered, "My breast, my vagina, and my butt."

The State asked, "Was it sore down there?"

"It was."

"Sore at your vagina?"

"Yeah."

FOF nos. 7 and 11 accurately describe CW's grand jury testimony. They are not clearly erroneous.

**(2)** Keliiheleua challenges the following COLs:

6. "[I]t is not necessary to establish guilt beyond a reasonable doubt, by clear and convincing evidence or even by a preponderance of the evidence. It is not necessary to establish guilt at all. It is merely necessary to establish a situation where a strong suspicion of guilt would be believed and consciously entertained by a man of ordinary caution or prudence." State v. Freedle, 1 Haw. App. 396, 400, 620 P.2d 740, 743 (1980).

. . . .

8. Given that every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment, this court should not disturb the grand jury's finding given the sufficiency of the evidence presented by the Complainant in this case. See: State v. Kuba, 68 Haw. 184, 190, 706 P.2d 1305 (1985) (*citing* State v. Freedle, 1 Haw. App. at 399, 620 P.2d at 743 (*construing* People v. Shirley, 78 Cal. App. 3d 424, 144 Cal. Rptr. 282 (1978)[)])].

We review COLs *de novo* under the *right/wrong* standard. Park, 149 Hawaiʻi at 546, 495 P.3d at 396.

COL no. 6 was right. In Freedle, the trial court dismissed an indictment for manslaughter. 1 Haw. App. at 396,

---

[4] "Sexual penetration" also includes "[c]unnilingus . . . , whether or not actual penetration has occurred." HRS § 707-700. Count I of the indictment was based solely on Keliiheleua allegedly "inserting his finger into [CW's] genital opening," and did not allege cunnilingus as the conduct element of the offense.

620 P.2d at 741. The State appealed. This court reversed. After the passage quoted in COL no. 6, we discussed the evidence presented to the grand jury and concluded the grand jurors could have

> believed and conscientiously entertained a strong suspicion that the [defendant], in drawing his firearm under these circumstances, consciously disregarded a substantial and unjustifiable risk that his conduct would cause the gun to discharge and thus, cause the death of the decedent. Whether that suspicion can be turned into proof is a matter for trial.

Id. at 401, 620 P.2d at 743.

COL no. 8 was also right. In Kuba, the supreme court stated, "sufficient legal and competent evidence before a grand jury which establishes probable cause that a suspect has violated the law will support an indictment[,]" and "[p]robable cause has been established when it can be said that a reasonable and prudent person viewing the evidence would have a strong suspicion that a crime had been committed." 68 Haw. at 190, 706 P.2d at 1310 (citations omitted). The court continued:

> Furthermore, "every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and *neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for the Grand Jury*." *Freedle*, 1 Haw. App. at 399, 620 P.2d at 743 (emphasis added) (construing *People v. Shirley*, 78 Cal.App.3d 424, 144 Cal.Rptr. 282 (1978)).

Id. at 190, 706 P.2d at 1310–11.

**(3)** Keliiheleua challenges the following COLs, which contain mixed findings and conclusions:

> 11. Based on the testimony by [CW], a fair inference can be drawn that there is probable cause to believe that sexual penetration as charged in Count I occurred.
>
> 12. Based on the testimony of [CW], a fair inference can be drawn that there is probable cause to believe that [Keliiheleua]'s finger was inserted in [CW]'s genital opening as the definition of penetration, which was

> included in the indictment presented to the grand
> jury, defines it as any intrusion however slight.

"[A] conclusion of law that presents mixed questions of fact and law is reviewed under the 'clearly erroneous' standard because the conclusion is dependent upon the facts and circumstances of the case." Park, 149 Hawaiʻi at 546, 495 P.3d at 396.

COL nos. 11 and 12 were supported by substantial evidence. The cases cited by Keliiheleua are distinguishable because they involved the State presenting *no* evidence of an element of the charged offense, see Park, 149 Hawaiʻi at 551, 495 P.3d at 401 (no evidence to show defendant had some part in directing affairs of alleged criminal enterprise); State v. Russo, 141 Hawaiʻi 181, 195-96, 407 P.3d 137, 151-52 (2017) (no evidence to show defendant willfully failed or refused to comply with lawful order of law enforcement officer); State v. Atwood, 129 Hawaiʻi 414, 420, 301 P.3d 1255, 1261 (2013) (no evidence to show defendant intended to not perform contract); State v. Ontai, 84 Hawaiʻi 56, 64, 929 P.2d 69, 77 (1996) (no evidence to show continuity of alleged enterprise), or involved the probable cause to arrest standard, which is not at issue here, see State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005) (probable cause to arrest "requires more than a mere suspicion but less than a certainty").

Here, the evidence presented to the grand jury would lead a person of ordinary caution or prudence to believe and conscientiously entertain "a strong suspicion" that Keliiheleua inserted his finger into CW's genital opening. See Kuba, 68 Haw. at 190, 706 P.2d at 1310. COL nos. 11 and 12 were not clearly erroneous.

The Circuit Court's November 21, 2024 *Findings of Fact, Conclusions of Law, Order Granting in Part and Denying in Part*

*Defendant's Motion to Dismiss Counts I and IV for Lack of Probable Cause* is affirmed.

DATED: Honolulu, Hawaiʻi, January 30, 2026.

On the briefs:

Sara K. Haley,
State of Hawaiʻi,
Deputy Public Defender,
for Defendant-Appellant.

Michelle M.L. Puu,
Deputy Attorney General,
State of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge